# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

**FILED**

JAN 3 0 2002

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

LaGAY BEAIRD, both individually and      )
as mother and next friend of JASON BEAIRD,   )
                                         )
     Plaintiff,                         )
                                         )
v.                                       )      Civil Action No.: CV-01-PT-3052-M
                                         )
THE CITY OF ATTALLA, and KHRIS           )
YANCY, in his individual capacity,       )      ~~ ENTERED
                                         )
     Defendants.                        )      JAN 3 0 2002

## MEMORANDUM OPINION

This cause comes to be heard on the defendants The City of Attalla, Alabama, and Khris

Yancy's Motion to Dismiss filed on December 26, 2001.

### FACTS[1]

Plaintiff LaGay Beaird is the mother of plaintiff Jason Beaird ("Beaird"). Defendant

City of Attalla ("City") is a municipal entity organized and existing under the laws of the State

of Alabama. Defendant Khris Yancy ("Yancy") is a police officer for the City of Attalla Police

Department.

On November 30, 1999, Officer Yancy entered the Beaird residence without warning or

permission.[2] Beaird, who was fourteen years of age, was home alone. He did not hear Yancy

enter the house. However, he saw an individual's shadow as he exited the bathroom. When

Beaird walked into the livingroom, he saw Yancy raise his pistol and point it at his face. Officer

Yancy instructed Beaird to "freeze" and to put his hands up where he could see them. Yancy

---

[1] The facts alleged by the plaintiffs will be accepted as true for the purposes of this motion.

[2] According to the plaintiffs, Officer Yancy did not have an arrest warrant at the time he entered their residence.

next instructed Beaird to go outside on the front porch. Once on the front porch, Yancy

handcuffed Beaird and called for backup. Another Attalla police officer eventually arrived at

Beaird's house. Yancy and the second officer proceeded to search Beaird's house for

approximately thirty minutes. During this search, Beaird remained handcuffed and was forced to

sit on the front porch. Several neighbors and passers-by witnessed Beaird during this detention.

LaGay Beaird, individually and as mother and next of friend of Jason Beaird, filed a civil

action in this court on November 29, 2001. In a four count complaint, plaintiffs allege that they

were subjected to an illegal search and seizure, violation of their procedural due process rights,

violation of their substantive due process rights, and invasion of their privacy. On December 26,

2001, the defendants filed their motion to dismiss alleging, among other things, that the

complaint fails to state a claim upon which relief can be granted.

## ARGUMENTS

The defendants allege that the plaintiffs' complaint should be dismissed for several

reasons. First, they contend that the Fourteenth Amendment procedural due process claim

(Count II) is due to be dismissed because the plaintiffs have failed to allege a violation of their

due process rights. Defendants claim that the plaintiffs essentially allege only a claim of illegal

search and seizure. Relying on *Graham v. Connor*, 490 U.S. 366, 395 (1989), defendants state

that "[a]ll claims that law enforcement officers have used excessive force – deadly or not – in the

course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed

under the Fourth Amendment . . . ." Defendants also contend that Alabama has adequate

procedures to guarantee the plaintiffs' due process rights and that there have been no allegations

to the contrary. Defendants assert that the plaintiffs have not alleged that Alabama law provided

them with an inadequate post-deprivation remedy. Further, they note that "[t]he state's action is

2

not complete unless and until it refuses to provide a post-deprivation remedy." *Tinney v. Shores*, 77 F.3d 378, 382 (11th Cir. 1996).

Second, defendants argue that the Fourteenth Amendment substantive due process claim (Count III) is due to be dismissed because there is no cause of action for an alleged violation of substantive due process rights based upon claims of illegal search and seizure. Defendants contend that courts must analyze illegal search and seizure claims under the Fourth Amendment rather than under a substantive due process standard. *Relying on Graham*, 490 U.S. 388. According to the defendants, the Supreme Court explained in *Graham* that where a claim "arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment." *Id.* at 394. Addressing the allegations in the complaint, defendants state that each allegation specifically implicates the plaintiffs' Fourth Amendment right to be free from illegal search and seizure. Consequently, they conclude that the claims are properly analyzed as a matter of law under the Fourth Amendment, not the Fourteenth Amendment.

Third, defendants argue that the complaint fails to state a claim upon which relief can be granted against the City for two reasons. First, they claim that a municipality is not liable under 42 U.S.C. § 1983 on the theory of respondeat superior. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1977). Defendants contend that a municipality cannot be held liable in a § 1983 claim unless the plaintiff "identif[ies] a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of County Comm'rs v. Brown*, 520 U.S. 397 (1997). Defendants note that the plaintiffs have failed to identify a policy or custom that led directly to the alleged violations of their rights. Second, they argue that the plaintiffs cannot recover punitive damages against the City under a § 1983 claim. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271

3

(1981). Thus, they contend that the plaintiffs' claims for punitive damages against the City arising under § 1983 should be dismissed as a matter of law.

Fourth, the defendants argue that the complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1988. Defendant explain that § 1988 does not create an independent cause of action for the deprivation of constitutional rights. *See McLaughlin v. City of LaGrange*, 662 F.2d 1385 (11th Cir. 1981). They contend that the plaintiffs' § 1988 claims must be analyzed under § 1983. Thus, they conclude that plaintiffs' § 1988 claims should be dismissed.

Finally, defendants argue that the complaint fails to state a claim under Alabama law upon which relief can be granted in the form of punitive damages. Defendants contend that the City is immune from punitive damages arising out of state law claims. In support of this proposition, defendants cite the court to *Ala. Code* § 6-11-26: "Punitive damages may not be awarded against the State of Alabama or any county or municipality thereof, or any agency thereof, except any entity covered under the Medical Liability Act . . . ."

The plaintiffs make several arguments in response. First, they contend that they have asserted a violation of their rights to due process as afforded by the Fourteenth Amendment. Plaintiffs contend that in *Wilson v. Northcutt*, the Eleventh Circuit recognized that the Fourteenth Amendment substantive due process clause protects an individual from excessive force. 987 F.2d 719, 722 (1983). Further, plaintiffs claim that they have made claims pursuant to the Fourteenth Amendment as the rights and freedoms afforded by the Fourth Amendment are made applicable to the States by the Fourteenth Amendment. *See Mapp v. Ohio*, 367 U.S. 643 (1961). Additionally, the plaintiffs state that the Supreme Court has held that the Fourth and Fourteenth Amendment protect "legitimate expectations of privacy" of persons, not places. *Ybarra v.*

4

*Illinois*, 444 U.S. 85, 91 (1979).  In light of these authorities, plaintiffs contend that their allegations against Officer Yancy for violation of their Fourth and Fourteenth Amendment rights should not be dismissed.

Second, plaintiffs state that they have not asserted a respondeat superior claim against the City.  However, they contend that Officer Yancy may have either been the final decision maker in seeking to enter and search the Beaird's residence or was acting under the direction of the City as final decision maker.  Therefore, they argue that the City is not entitled to be dismissed from the federal claims at this time.

Third, plaintiffs state that they have not asserted any claims against the City for punitive damages.  They note that they merely included the City in certain claims brought against Officer Yancy.

Finally, they argue that they have not brought a cause of action under 42 U.S.C. § 1988.  Instead, they claim to only have asked for an award of attorney's fees and costs pursuant to this statute.

In reply, defendants contend that the plaintiffs have failed to distinguish their Fourteenth Amendment claims from their Fourth Amendment claim.  In support of this reply, defendants note that the plaintiffs have responded that they "have made claims pursuant to the Fourteenth Amendment as the rights and freedoms afforded by the Fourth Amendment are made applicable to the States by the Fourteenth Amendment."  Further, they assert that plaintiffs' reliance of *Wilson* is misplaced.  According to the defendants, the Eleventh Circuit in *Wilson* was only presented with the question of whether a Fourteenth Amendment claim survives *Graham* when there is no seizure.  987 F.2d at 722.  The defendants contend that the Fourteenth Amendment claim only survived in *Wilson* because there was no alleged seizure.

5

Turning to the 42 U.S.C. § 1983 claim, defendants argue that the plaintiffs did not allege in the complaint that Officer Yancy may have been the "final decision maker" or that he was acting under the instruction of the City's final decision/policy maker. Further, defendants assert that the plaintiffs failed to explain how Officer Yancy could have become the final decision maker under the facts at hand. Finally, defendants note that the plaintiffs have failed to identify the City policy or custom that led directly to an alleged violation of their rights.

## CONCLUSIONS OF THE COURT

Rule 12(b)(6) tests the legal sufficiency of a complaint. When considering a Rule 12(b)(6) motion, the court assumes that all factual allegations pled in the complaint are true. *United States v. Gaubert*, 499 U.S. 315, 327 (1991). All factual allegations are to be construed in the light most favorable to the plaintiff. *Brower v. County of Inyo*, 489 U.S. 593, 598 (1989). Usually, a complaint will not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that will entitle him to relief. *In re Johannessen*, 76 F.3d 347, 349 (11th Cir. 1996).

For reasons asserted by the defendant City, all the purported federal claim(s) against the City of Attalla will be dismissed and the alleged procedural due process claim against defendant Yancy will be dismissed. All other federal claims against defendant Yancy will be dismissed except for purported Fourth Amendment claims involving search and seizure. The court will reserve judgment on the purported state law claims and issues of qualified immunity pending any motion(s) for summary judgment. The court notes that the plaintiff has acquiesced in some issues raised by the defendant such as a respondeat superior claim is not proper against the City, a claim for punitive damages is not proper against the City, and a independent cause of action is not capable of being pursued under 42 U.S.C. § 1988.

6

This **30** day of January 2002.

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**